UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| OPHELIA PHELAN | * | CIVIL ACTION NO. 08-1320 |
| VERSUS | * | JUDGE JAMES |
| JAMES E. MAYO, INDIVIDUALLY & AS MAYOR OF THE CITY OF MONROE, LOUISIANA, ET AL. | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand and incorporated request for expenses, costs, and attorney's fees [doc. # 9] filed by plaintiff Ophelia Phelan.[1] For the reasons stated below, the motion to remand is **GRANTED**, and the request for expenses, costs, and fees is **DENIED**.

## BACKGROUND

On August 18, 2008, Ophelia Phelan filed a "Petition for Declaratory Judgment" against James E. Mayo, the Mayor of the City of Monroe; and several other City of Monroe employees in their individual and official capacities.[2] Phelan alleges that in November-December 2007, she

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Although Mayo was named in the caption of the petition in his individual and official capacities, he was named in the body of the complaint solely in his capacity as mayor. (Petition, ¶ 1). The other named defendants include Cecil Janway, Director for the City of Monroe Public Works Department; J. Michael Rhymes, the Personnel Director for the City of Monroe; and Joseph Comerford, the General Manager for the Monroe Transit System. *Id*.

was employed in the City of Monroe Transit System Department for grants and procurement. (Petition, ¶¶ 4, 7). On or about December 15, 2007, Phelan notified the City of Monroe accounting department that a large sum of money was missing from a locked file drawer that was only accessible by the Monroe Transit General Manager, Joseph Comerford. *Id*. at ¶¶ 4-5. Upon Mr. Comerford's discovery that Phelan had reported the missing funds, she was suspended with pay. *Id*. at ¶ 6. Phelan contends that defendants failed to follow the disciplinary and grievance process under the City's Employee Handbook. *See*, Petition, ¶¶ 8-10. Plaintiff seeks a judgment compelling the City to return her to her employment as director of grants and procurement, plus an award for back pay, front pay, mental pain and anguish, attorney's fees, and costs. *Id*. at ¶¶ 13-14, Prayer.

On September 4, 2008, defendants timely removed the case to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Notice of Removal, ¶ 5). On October 9, 2008, plaintiff filed the instant motion to remand due to lack of subject matter jurisdiction. Briefing is complete; the matter is now before the court.

**LAW**

The federal question statute confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[3] "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of*

---

[3] Removing defendants invoke federal subject matter jurisdiction solely on the basis of federal question. There are no allegations that the court may exercise subject matter jurisdiction via diversity, 28 U.S.C. § 1332.

2

*Louisiana*, 522 U.S. 470, 118 S.Ct. 921 (1998). "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of [her] own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Stated another way,

> whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of [her] own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 (1983) (quoted source omitted).

The "characterization of a federal claim as a state claim will not in all cases prohibit removal when the plaintiff has no state claim at all." *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366-367 (5th Cir. 1995). If the relief requested by plaintiff is available only under federal law, then it is clear that a federal right is an essential element of her cause of action, and she is not proceeding "on the exclusive basis of state law." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). However, if a plaintiff has a viable state law claim, she may depend on it alone and thereby defeat attempts at removal. *Carpenter, supra*. Indeed, the plaintiff may always choose *not* to plead federal claims in order to prevent removal, because in the end, the plaintiff is "the master of the claim; . . . she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). As the party invoking federal jurisdiction, removing defendants bear the burden of demonstrating the existence of a federal question. *In Re: Hot-Head, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (citation omitted).

ANALYSIS

The sole reference to statutory authority in plaintiff's petition is to state law provisions affording protection to whistle-blowers, Louisiana Revised Statutes 23:967 and 42:1169. (Petition, ¶ 4). Nonetheless, defendants contend that because plaintiff is seeking monetary damages against individual defendants – a remedy purportedly not available under the foregoing state law provisions, plaintiff is necessarily asserting a federal law claim against the individual defendants. However, in *Samuel v. Holmes*, the Fifth Circuit did not foreclose claims against individual defendants under Louisiana Revised Statute 42:1169(a)-(c). *See, Samuel v. Holmes*, 138 F.3d 173, 179 (5th Cir. 1998) (denying qualified immunity to individual defendants under Louisiana's whistle-blower statute).[4]

Defendants alternatively contend that plaintiff invoked the due process protections of the U.S. Constitution when she alleged that defendants deprived her of "meaningful due process"

---

[4] One allegation in the petition that commends greater pause, is plaintiff's assertion that the individual defendants personally discriminated against her on the basis of race. (Petition, ¶ 3). Under state law, an employee may sue an individual for race-based employment discrimination provided she can establish that the individual is her employer. *See, King v. Phelps Dunbar, L.L.P.*, 743 So.2d 181, 185, 1998-1805 (La.,1999) (individual defendants dismissed where they established that they were not employers); *see also*, La R.S. 23:302(2) (defining employer). Here, however, the petition is devoid of facts tending to establish that the individual defendants were plaintiff's employer. While at first glance this could be construed to mean that plaintiff is necessarily suing the city department heads in their individual capacities pursuant to 42 U.S.C. § 1981 via § 1983, such a claim depends on the supervisors exercising the requisite degree of control over plaintiff's employment such that they become "decisionmakers." *See, Knox v. City of Monroe*, 551 F. Supp.2d 504, 509-510 (W. D. La. 2008) (discussing supervisor liability for employment discrimination under § 1981 via § 1983). Again, however, the petition does not allege that the individual defendants controlled plaintiff's employment. Under these circumstances, it would be "incongruous" to find that plaintiff's claim necessarily arises under federal law merely because she failed to assert requisite facts to support her potential state law remedy, when she also omitted requisite factual allegations to support her federal law remedy. *See*, *In Re: Hot-Head, Inc.*, 477 F.3d at 323; *see also*, discussion, *infra*.

under the City's Employee Handbook. *See*, Petition, ¶ 9. Defendants fail to acknowledge, however, that the Louisiana Constitution also provides due process protection for deprivation of life, liberty, and property. *See*, La. Const., Art. 1, § 2. When, as here, the allegations in a petition are sufficient to state a claim under either federal or state law, but the petition does not specify which law the claim is based upon, the petition is deemed ambiguous. *Lorenz v. Texas Workforce Com'n.*, 211 Fed. Appx. 242, 2006 WL 3102581 (5th Cir. Oct. 30, 2006) (unpubl.). Ambiguities in the petition must be resolved in favor of remand. *Id.* (citations omitted). Accordingly, the allegations in the petition do not provide a basis for the exercise of federal question jurisdiction.

The court's analysis is buttressed by plaintiff's candid representation that she is "pursuing this matter under state law." (M/Remand, ¶ 4). Of course, if, at a later date, plaintiff should make it "unequivocally clear and certain" through "service or otherwise, of a copy of an amended pleading, motion, or order or other paper," that she is stating a claim for relief under federal law, then defendants would be entitled to again remove the action. *See*, *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (discussing removal under second paragraph of 28 U.S.C. § 1446(b)). For now, however, it is apparent that plaintiff does not state a claim under the Constitution, laws, or treaties of the United States, and federal subject matter jurisdiction is lacking. 28 U.S.C. § 1331. Thus, removing defendants have not met their burden; remand is required. 28 U.S.C. § 1447(c).[5]

---

[5] It is axiomatic that federal courts exercise limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal jurisdiction establishes otherwise. *Id*.

Plaintiff further seeks an award of expenses, costs, and attorney's fees due to defendants' alleged improvident removal. An order remanding a case to state court may require payment of "just costs and any actual expenses, including attorney fees," that were incurred as a result of removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.* 546 U.S. 132, 126 S.Ct. 704 (2005). Given the ambiguities in plaintiff's petition, the court cannot conclude that defendants' removal was objectively unreasonable.

For the foregoing reasons,

The motion to remand [doc. # 9] filed by plaintiff Ophelia Phelan is hereby **GRANTED**; the case shall be **REMANDED** to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. Plaintiff's request for expenses, costs, and attorney's fees is hereby **DENIED**.

THUS DONE AND SIGNED this 20th day of November, 2008, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE